AARON D. FORD
  Attorney General
CHRISTOPHER M. GUY (Bar No. 15239)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Ave., Suite 3900
Las Vegas, Nevada  89101
(702) 486-3326 (phone)
(702) 486-3773 (fax)
Email: cguy@ag.nv.gov

*Attorneys for Defendant Frank Beedle*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BENJAMIN DENT, | Case No. 2:20-cv-00294-JAD-BNW |
| Plaintiff, | |
| v. | **MOTION TO STAY THE SEPTEMBER 30, 2021 DISPOSITIVE DEADLINE** |
| BEATLE, *et al.*, | |
| Defendants. | |

Defendant, Frank Beedle, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Christopher M. Guy, Deputy Attorney General, hereby submits Defendant's Motion to Stay the September 30, 2021 Dispositive Deadline.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

This case is a prison civil rights action brought by inmate Benjamin Dent (Dent) asserting a claim arising under 42 U.S.C. §1983. Pursuant to the screening order, Dent was only allowed to proceed on an Eighth Amendment excessive force claim against Ely State Prison (ESP) correctional officer Frank Beedle (Beedle). ECF No. 6 at 10.

On July 21, 2021, Dent filed a motion for leave to amend his First Amended Complaint. ECF No. 21. Defendant filed an opposition, which argued that amendment was futile and that under 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c) the proposed Second Amended Complaint (SAC) Required mandatory screening.

In the opposition, Defendant noted that neither § 1915A(e)(2) and § 1997e(c) are restricted to pleadings. ECF No. 22 at 4. Indeed, the provisions provide that the court shall dismiss "the case at any time if the court determines," § 1915(e)(2), "if the court is satisfied," § 1997e(c)(1), or if "on its face," § 1997e(c)(2), the claim is frivolous, malicious, fails to state a claim. *Id*. Dent filed his reply on August 3, 2021.

In light of the pending mandatory screening and motion for leave to amend, Defendant respectfully requests that this case be stayed until the pending screening and ruling are issued. Pursuant to this Court's Scheduling Order, dispositive motions are due September 30, 2021. ECF No. 16 at 3. A stay will allow the parties and the court to preserve resources, and a stay would provide the fairest course of action for the parties pending a resolution on the above pending issues.

## II.    LEGAL DISCUSSION

This Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936)). These inherent powers include "'the power to stay proceedings . . . to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Dependable Hwy Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 254).  Stays are particularly appropriate to be considered when doing so is "the fairest course of action for the parties ... pending resolution of independent proceedings which bear upon the case." *Dependable, supra* (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). These independent proceedings include other judicial proceedings. *Id.*

Here, in light of the pending action required under § 1915A(e)(2) and § 1997e(c) and the pending motion for leave to amend, a stay will allow the parties and the court to preserve resources, and a stay would provide the fairest course of action for the parties pending a resolution on the above pending issues. Depending on this Court's screening of the SAC, additional parties may be added or if this Court finds that the case is frivolous, malicious, or fails to state a claim the case may be dismissed.

Therefore, in the interest of judicial economy and economy for counsel and litigants, the Defendant respectfully requests that the Court stay the dispositive deadline until the pending screening and ruling are issued.

## III. CONCLUSION

Accordingly, in the interest of judicial economy and economy for counsel and litigants, the Defendants respectfully request that the Court stay the dispositive deadline, September 30, 2021, until the pending screening and ruling are issued.

DATED this 16th day of September, 2021.

> AARON D. FORD
> Attorney General
>
> By: /s/ Christopher M. Guy
>    CHRISTOPHER M. GUY (Bar No. 15239)
>    Deputy Attorney General
>
> *Attorneys for Defendant Frank Beedle*

**Order**

ECF No. 24 is denied without prejudice for failure to meet and confer. *See* LR 26-6(c).

**IT IS SO ORDERED**
**DATED:** 10:53 am, September 17, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on September 16, 2021, I electronically filed the foregoing **MOTION TO STAY THE SEPTEMBER 30, 2021 DISPOSITIVE DEADLINE**, via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

Benjamin Dent #86741
High Desert State Prison
PO Box 650
Indian Springs, NV 89070
**HDSP_LawLibrary@doc.nv.gov**
*Plaintiff, Pro Se*

/s/ Diane Resch
Diane Resch, an employee of the
Office of the Nevada Attorney General