AARON D. FORD
  Attorney General
CHRISTOPHER M. GUY (Bar No. 15239)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Ave., Suite 3900
Las Vegas, Nevada  89101
(702) 486-3326 (phone)
(702) 486-3773 (fax)
Email: cguy@ag.nv.gov

*Attorneys for Defendant Frank Beedle*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| BENJAMIN DENT, | Case No. 2:20-cv-00294-JAD-BNW |
|---|---|
| Plaintiff, | |
| v. | **UNOPPOSED MOTION TO STAY THE SEPTEMBER 30, 2021 DISPOSITIVE DEADLINE** |
| BEATLE, *et al.*, | |
| Defendants. | |

Defendant, Frank Beedle, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Christopher M. Guy, Deputy Attorney General, hereby submit Defendant's Unopposed Motion to Stay the September 30, 2021 Dispositive Deadline.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

This case is a prison civil rights action brought by inmate Benjamin Dent (Dent) asserting a claim arising under 42 U.S.C. §1983. Pursuant to the screening order, Dent was only allowed to proceed on an Eighth Amendment excessive force claim against Ely State Prison (ESP) correctional officer Frank Beedle (Beedle). ECF No. 6 at 10.

On July 21, 2021, Dent filed a motion for leave to amend his First Amended Complaint. ECF No. 21. Defendant filed an opposition, which argued that amendment was futile and that under 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c) the proposed Second Amended Complaint (SAC) Required mandatory screening.

In the opposition, Defendant noted that neither § 1915A(e)(2) and § 1997e(c) are restricted to pleadings. ECF No. 22 at 4. Indeed, the provisions provide that the court shall dismiss "the case at any time if the court determines," § 1915(e)(2), "if the court is satisfied," § 1997e(c)(1), or if "on its face," § 1997e(c)(2), the claim is frivolous, malicious, fails to state a claim. *Id.* Dent filed his reply on August 3, 2021.

In light of the pending mandatory screening and motion for leave to amend, Defendant filed a motion to stay the case until a ruling and/or issue of a second screening order of the proposed SAC. Pursuant to this Court's Scheduling Order, dispositive motions are due September 30, 2021. ECF No. 16 at 3 (Scheduling Order); *see also* ECF No. 24 (Defendant's Motion to Stay). Defendant's motion was subsequently denied pursuant to LR 26-6(c) for a failure to meet and confer. ECF No. 25.

After a September 21, 2021 meet and confer, the parties agree that a stay will allow the parties and the court to preserve resources, and a stay would provide the fairest course of action for the parties pending a resolution on the above pending issues. Exhibit A (Declaration of Counsel).

## II.     LEGAL DISCUSSION

This Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936)). These inherent powers include "'the power to stay proceedings . . . to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Dependable Hwy Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 254).  Stays are particularly appropriate to be considered when doing so is "the fairest course of action for the parties ... pending resolution of independent proceedings which bear upon the case." *Dependable, supra* (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). These independent proceedings include other judicial proceedings. *Id.*

///

Here, in light of the pending action required under § 1915A(e)(2) and § 1997e(c) and the pending motion for leave to amend, a stay will allow the parties and the court to preserve resources, and a stay would provide the fairest course of action for the parties pending a resolution on the above pending issues. Depending on this Court's screening of the SAC, additional parties may be added or if this Court finds that the case is frivolous, malicious, or fails to state a claim the case may be dismissed.

Therefore, in the interest of judicial economy and economy for counsel and litigants, the Defendant submits this unopposed motion that requests this Court to stay the dispositive deadline until a ruling and/or issue of a second screening order of the proposed SAC.

### III. CONCLUSION

Accordingly, in the interest of judicial economy and economy for counsel and litigants, the Defendant respectfully requests that the Court stay the dispositive deadline, September 30, 2021, until a ruling and/or issue of a second screening order of the proposed SAC.

DATED this 21st day of September, 2021.

> AARON D. FORD
> Attorney General
>
> By: /s/ Christopher M. Guy
> CHRISTOPHER M. GUY (Bar No. 15239)
> Deputy Attorney General
>
> *Attorneys for Defendant Frank Beedle*

### Order

**IT IS SO ORDERED**

**DATED:** 10:13 am, September 22, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on September 21, 2021, I electronically filed the foregoing **MOTION TO STAY THE SEPTEMBER 30, 2021 DISPOSITIVE DEADLINE**, via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

>Benjamin Dent #86741
>High Desert State Prison
>PO Box 650
>Indian Springs, NV 89070
>**HDSP_LawLibrary@doc.nv.gov**
>*Plaintiff, Pro Se*

/s/ Sheri Regalado
Sheri Regalado, an employee of the
Office of the Nevada Attorney General