1

2

3

4

5        **UNITED STATES DISTRICT COURT**

6              **DISTRICT OF NEVADA**

7                      * * *

8    Benjamin Dent,                          Case No. 2:20-cv-00294-JAD-BNW

9                          Plaintiff,
                                             **ORDER and REPORT &**
10        v.                                 **RECOMMENDATION re ECF No. 21**

11   Beatle, *et al.*,

12                          Defendants.

13

14        Before the Court is Plaintiff Benjamin Dent's motion for leave to file a second amended

15   complaint. ECF No. 21. Defendant opposed at ECF No. 22, and Plaintiff replied at ECF No. 23.

16   For the reasons discussed below, the Court grants Plaintiff's motion in part and recommends that

17   it be denied in part.

18   **I.    Background**

19        In the initial complaint, Plaintiff, an inmate at Nevada's Ely State Prison, brought several

20   civil rights claims under 42 U.S.C. § 1983 against various prison officials. ECF No. 1-1 at 1, 4.

21   Before the Court could screen Plaintiff's original complaint, he filed a first amended complaint

22   ("FAC"), which became the operative complaint. ECF No. 5. The Court screened the FAC

23   pursuant to 28 U.S.C. § 1915A. ECF No. 6.

24        In the screening order, the District Judge found that Plaintiff had stated a plausible Eighth

25   Amendment excessive force claim against Defendant Beedle but dismissed his other claims as

26   futile. *Id.* at 1. Plaintiff now moves to amend his complaint a second time to cure the deficiencies

27   noted in the screening order. ECF No. 21.

28

1    In his proposed second amended complaint ("proposed SAC"), Plaintiff seeks to add four

2    defendants (i.e., Correctional Officers Chow and Burdock, Sergeant Jacobs, and Inspector

3    General Jones) and allege three claims (i.e., "Eighth Amendment protection against excessive

4    force;" "Fourteenth Amendment violation of 42 U.S.C. 1981, 1982, Civil RICO, asking for

5    supplemental jurisdiction;" and "civil rights under 1983 and Eighth Amendment violated when

6    percipient officials failed to protect plaintiff"). ECF No. 21-1 at 3–10.

7    Defendant opposes Plaintiff's motion to amend *only* on grounds that it would be futile.

8    First, Defendant argues that Plaintiff's Eighth Amendment failure to protect claim is futile

9    because the Court previously found that he had not alleged sufficient facts for this claim. *Id*. at 2.

10    Second, Defendant argues that Plaintiff amending his Fourteenth Amendment claim would be

11    futile because the Court previously dismissed these claims with prejudice. *Id*. at 3. Third,

12    Defendant opposes Plaintiff's amended excessive force claim against Defendants Jacobs and

13    Jones on grounds that the Court previously held that Plaintiff cannot sue these Defendants based

14    only on their supervisory capacities. *Id*. Next, Defendant opposes Plaintiff's amendment to sue all

15    Defendants in their official capacity as futile because it is barred by the Eleventh Amendment. *Id*.

16    Finally, Defendant argues that the Court is obligated to screen the SAC. *Id.* at 4.

17    **II.    Legal Standard**

18    Federal Rule of Civil Procedure 15 governs motions for leave to amend and grants the

19    court discretion to grant a plaintiff leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court

20    should freely give leave when justice so requires."); *see also United Bhd. of Carpenters and*

21    *Joiners of Am. v. Bldg. and Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 845 (9th Cir. 2014).

22    But the court does not need to exercise its discretion where the amendment would cause the

23    opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or

24    creates undue delay.[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a]bsent prejudice,

25    or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule

26    15(a) in favor of granting leave to amend." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d

27

28    ---
[1] The final *Foman* factor asks the court to consider whether the plaintiff previously amended the complaint. *Foman*, 371 U.S. at 182.

1   1048, 1052 (9th Cir. 2003). Of note, "[a]mong these factors, prejudice to the opposing party

2   carries the greatest weight."[2] *Env't Transportation of Nevada, LLC v. Mod. Mach. Co.,* No. C18-

3   5445 BHS, 2021 WL 5906154, at *2 (W.D. Wash. Dec. 14, 2021) (citing *Eminence Capital*, 316

4   F.3d at 1052). Finally, it is the non-movant's burden to show that leave to amend should be

5   denied. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

6   **III.    Analysis**

7                   **A.  The Defendant's Mandatory Screening Argument**

8                   As an initial matter, Defendant argues that this Court is "obligated under 28 U.S.C.

9   § 1915(e)(2) (*in forma pauperis*) and 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c) (*pro se*

10  prisoner/detainee complaints) to screen [Plaintiff's] proposed complaint . . . ." ECF No. 22 at 4.

11  But this is not accurate. *See Olausen v. Murguia*, No. 3:13-CV-00388-MMD, 2014 WL 6065622,

12  at *3 (D. Nev. Nov. 12, 2014) ("[T]he screening provision does not require a court, either

13  explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint."); *see*

14  *also Nordstrom v. Ryan,* 762 F.3d 903, 906, 907 & n.1 (9th Cir. 2014) (characterizing screening

15  under § 1915A as the "pre-answer screening stage"). After a complaint has been screened under

16  28 U.S.C. § 1915A, proposed amended complaints are governed by Federal Rule of Civil

17  Procedure 15. *Olausen*¸ 2014 WL 6065622, at *4. Post-answer re-screening of every amended

18  complaint, regardless of how far a case has progressed, would increase the burden on the federal

19  courts, which is contrary to the Prison Litigation Reform Act's purpose of reducing the burden of

20  prisoner litigation on courts. *Id.*

21                  Furthermore, 42 U.S.C. § 1997e does not require courts to screen *pro se* prisoner

22  complaints. *See* 42 U.S.C. § 1997e(c). Rather, the statute's language gives courts discretion to

23  dismiss frivolous, malicious, or implausible claims. *Id.* ("The court shall on its own motion or on

24  the motion of a party dismiss any action brought with respect to prison conditions . . . if the court

25  is satisfied that the action is frivolous, malicious, fails to state a claim . . . .").

26                  Accordingly, the Court will not screen Plaintiff's proposed SAC.

27

28  [2] Defendant does not raise the issue of prejudice in his opposition, and the Court finds that it would not be prejudicial to permit Plaintiff to amend his claims as discussed within this Order.

1

**B. Defendant's First Argument: Amending the Eighth Amendment failure-to-protect claim would be futile**

2

3    Plaintiff moves to add an Eighth Amendment failure-to-protect claim against Defendants

4    Burdock, Chow, Jacobs, and Jones. ECF No. 21-1 at 10. (In the operative complaint, Plaintiff

5    alleged that a "John Doe" failed to intervene on Plaintiff's behalf during the alleged excessive-

6    force incident committed by Defendant Beedle. ECF No. 5 at 5.) In the proposed SAC, Plaintiff

7    alleges that Defendants Burdock, Chow, and Jacobs "were 'integral participants' in the beating of

8    plaintiff by [Defendant] Beedle[.]" *Id*. He further alleges that Defendants Burdock and Chow had

9    a duty to act whereas Defendant Jacobs had a duty to avoid assigning corrections officers known

10   to be "trained to psychological malicious sadism" to the Cell Extraction Response Team that must

11   interact with "seriously ill medical patient[s]." *Id*. He also alleges that Defendant Jones is liable

     under this theory because of the "'code of silence'" he exhibited. *Id*.

12   Defendant argues that it would be futile for Plaintiff to amend his complaint to add an

13   Eighth Amendment failure-to-protect claim because the Court previously found that Plaintiff had

14   not alleged sufficient facts to support such a claim. ECF No. 22 at 2. Defendant also adds that

15   Plaintiff "cannot state a claim by alleging that a Defendant should have believed something but

16   did not." *Id*.

17   Defendant has not met his burden in establishing that amendment would be futile. This is

18   so because Plaintiff has provided additional facts that were not before the Court when it screened

19   his FAC. Additionally, Defendant's opposition is conclusory. Accordingly, the Court will allow

20   Plaintiff to amend his complaint to add an Eighth Amendment failure-to-protect claim.

21   **C. Defendant's Second Argument: Amending the Fourteenth Amendment claim would be futile**

22

23   Plaintiff seeks to allege that Defendants violated the Fourteenth Amendment, 42 U.S.C.

24   § 1981, 42 U.S.C. § 1982, Civil RICO, NRS 197.130, and NRS 197.200. ECF No. 21-1 at 9.

25   Defendant opposes only amending the Fourteenth Amendment, arguing that it would be

26   futile because the Court previously dismissed Plaintiff's Fourteenth Amendment claims with

27   prejudice. ECF No. 22 at 3. Of note, Defendant does not address the other proposed amendments

28

(i.e., 42 U.S.C. § 1981, 42 U.S.C. § 1982, Civil RICO, NRS 197.130, and NRS 197.200). *See* ECF No. 22.

Defendant has not met his burden in establishing that amendment would be futile, as Plaintiff's amended Fourteenth Amendment claim differs from that which the Court previously dismissed in the screening order. In the screening order, the Court dismissed Plaintiff's Fourteenth Amendment claim because it found that Plaintiff was attempting to state an excessive force claim, which falls under the Eighth Amendment. ECF No. 6 at 5. But in the proposed SAC, Plaintiff's Fourteenth Amendment claim is based on an alleged inadequate investigation and cover-up *of* the excessive force incident. ECF No. 21-1 at 9. Additionally, Defendant's opposition is conclusory. Accordingly, the Court will allow Plaintiff to amend his complaint to add the Fourteenth Amendment, 42 U.S.C. § 1981, 42 U.S.C. § 1982, Civil RICO, NRS 197.130, and NRS 197.200 claims.

### D. Defendant's Third Argument: Amending the excessive-force claim against all Defendants except for Defendant Beedle would be futile

Plaintiff moves to amend an Eighth Amendment excessive-force claim against Defendants. ECF No. 21-1 at 5–8.

Defendant opposes the amended claim against only Defendants Jacobs and Jones as futile because, as the Court previously held in its screening order, these Defendants could not be held liable simply because they were acting as supervisors. ECF No. 22 at 3.

The Court finds that Defendant has met his burden, as Plaintiff appears to be relying on Defendants' Jacobs and Jones' supervisory positions to state an excessive-force claim against them. *See JOSEPH ANTHONY BARRETT, Plaintiff, v. BRUMFIELD, et al., Defendants. Additional Party Names: Adamik, Broomfield, Davis, Del Rosario, Faaita, McClean, Ramirez, S. Robinson*, No. 21-CV-06802-HSG, 2021 WL 4339135, at *2 (N.D. Cal. Sept. 23, 2021) (citation omitted) ("As a general matter, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability under 42 U.S.C. § 1983."). Accordingly, the Court recommends that Plaintiff's motion to amend be denied to the extent it seeks to sue Defendants

1   Jacobs and Jones for excessive force, as amendment would be futile. *See Bonin v. Calderon,* 59

2   F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion

3   for leave to amend.").

4       **E.  Defendant's Fourth Argument: Amending to sue Defendants in their official**

5   **capacity would be futile**

6       Finally, Plaintiff seeks leave to sue all five Defendants (i.e., Beedle, Burdock, Chow,

7   Jacobs, and Jones) in their individual and official capacities. ECF No. 21-1 at 3–4.

8       Defendant opposes this amendment, arguing that Plaintiff cannot sue any of the

9   Defendants in their official capacities, as "[n]either a state nor an officer in their official capacity

10  is considered a 'person' for purposes of a § 1983 claim." ECF No. 22 at 3 (citing *Will v. Mich.*

11  *Dep't of State Police*, 491 U.S. 58, 71 (1989)). Defendant also argues that the Court previously

12  dismissed Ely State Prison and the Nevada Department of Corrections with prejudice. *Id.*

13      Defendant has met his burden in establishing that amendment would be futile. This is

14  because "[o]fficial-capacity suits filed against local government officials are merely an alternative

15  way of pleading an action against the entity of which the defendant is an officer." *JOSEPH*

16  *CARTER, Plaintiff, v. JENNY A. DURKAN, et al., Defendants. Additional Party Names: Adrian*

17  *Diaz, Jarod Stone, John Marion, Pete Holmes,* No. C21-1046JLR, 2021 WL 6062628, at *7

18  (W.D. Wash. Dec. 22, 2021) (citation omitted). And "[s]uch officials are 'persons' under section

19  1983, but only for purposes of prospective injunctive relief, and only if the plaintiff establishes

20  that a policy or custom of the governmental entity of which the official is an agent was the

21  moving force behind the violation." *Id.* (citations omitted).

22      The Court finds that Plaintiff is not seeking prospective injunctive relief or alleging facts

23  to support that any policy or custom violating his constitutional rights existed at the time of the

24  alleged excessive-force incident. Accordingly, it recommends that his motion to amend be denied

25  to the extent it seeks to sue all Defendants in their official capacity, as amendment would be

26  futile. *See Bonin,* 59 F.3d at 845 ("Futility of amendment can, by itself, justify the denial of a

27  motion for leave to amend.").

28

1

**IV.    Conclusion**

2        **IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 21) is

3  **GRANTED** in part, and the Court **RECOMMENDS** that it be **DENIED** in part. The Court

4  **GRANTS** the motion to amend (ECF No. 21) with the following **EXCEPTIONS**:

5        The Court **recommends** that Plaintiff's Eighth Amendment excessive-force claim against

6  Defendants Jacobs and Jones not be allowed to proceed, as amendment would be futile; and

7        The Court further **recommends** that Plaintiff's request to sue Defendants in their official

8  capacities not be allowed to proceed, as amendment would be futile.

9        **IT IS FURTHER ORDERED** that the Clerk of Court kindly detach and separately file

10  Plaintiff's Second Amended Complaint (ECF No. 21-1).

11        **IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint (ECF No. 21-

12  1) serve as the operative complaint.

13  **V.    Notice**

14        This report and recommendation is submitted to the United States district judge assigned

15  to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

16  may file a written objection supported by points and authorities within **14 days** of being served

17  with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may

18  waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

19  1991).

20

21        DATED: January 4, 2021.

22                                                    _____

23                                                    BRENDA WEKSLER
                                                      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28